UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAMS,

Plaintiff,

vs.

GROVE EQUITIES LLC and ANGEL'S SHARE NYC INC.,

Defendants.

# COMPLAINT

Plaintiff, JOSHUA ADAMS (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, GROVE EQUITIES LLC and ANGEL'S SHARE NYC INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a bar located at 45 Grove Street, New York, NY 10014 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

**4.** Plaintiff, JOSHUA ADAMS, is over the age of 18, *sui juris*, and a resident of Kings County, New York. Plaintiff suffers from congenital conditions known as spina bifida and hydrocephalus, which result in significant impairments to mobility, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**5.** Defendant, GROVE EQUITIES LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, GROVE EQUITIES LLC, is the owner of the Subject Premises.

**6.** Defendant, ANGEL'S SHARE NYC INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the bar "ANGEL'S SHARE" located at the Subject Premises.

**7.** Records maintained by the New York State Liquor Authority show that Defendant, ANGEL'S SHARE NYC INC., d/b/a ANGEL'S SHARE, was issued an On Premises Liquor license on March 9, 2025 for the Subject Premises.

**8.** ANGEL'S SHARE is a bar offering alcoholic beverages and related hospitality services to members of the general public in a social setting. The establishment provides customers with the ability to enter the premises, be served drinks, and socialize in a public accommodation intended for beverage service. The Plaintiff enjoys ANGEL'S SHARE and appreciates the beverage offerings and atmosphere provided at the establishment. However, despite the Plaintiff's interest in patronizing the establishment, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**9.** On or about May 30, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**10.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**11.** Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**12.** Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with

both the 1991 Standards and the 2010 Standards.

**15.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**16.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**17.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**18.** On or about May 30, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**19.** On May 30, 2026, at approximately 6:30 p.m., Plaintiff arrived at the Subject Premises intending to patronize the establishment and utilize the goods and services offered therein. Although the establishment was open for business, Plaintiff, who uses a wheelchair for mobility, was unable to enter the establishment due to accessibility barriers at the entrance. Plaintiff observed that there was no bell, call button, or other means by which he could request assistance from staff. Plaintiff further observed that no employee was present outside the establishment to provide assistance or advise whether an accessible entrance existed. After waiting approximately five (5) minutes and being unable to contact any employee or gain access to the establishment, Plaintiff was forced to leave without entering the Subject Premises or accessing the goods and services offered therein.

**20.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

**21.** Plaintiff restates Paragraphs 1-20 as though fully set forth herein.

**22.** Defendants, GROVE EQUITIES LLC and ANGEL'S SHARE NYC INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**23.** GROVE EQUITIES LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**24.** ANGEL'S SHARE NYC INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**25.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d

184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**26.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Entrance**

**i. Inaccessible Entrance**
The entrance to the Subject Premises is inaccessible because an accessible route to the entrance is not provided, accessible means of egress are not provided, and existing steps leading to the entrance act as a barrier to accessibility, preventing Plaintiff and other wheelchair users from accessing the Subject Premises. This is a violation of ADAAG §§206, 206.2.1, 206.4, 207, 402, and 402.2. Providing a compliant accessible route to the entrance is readily achievable.

**ii. Non-Compliant Handrails at Entrance Stairs**
The handrails serving the stairs leading to the entrance are non-compliant because the required handrail extensions are not provided, preventing disabled individuals from safely utilizing the stairs. This is a violation of ADAAG §§505.10, 505.10.2, and 505.10.3. Providing compliant handrail extensions is readily achievable.

**iii. Change in Level at Entrance Door**
An additional rise in floor surface exists at the entrance door without a required ramp, creating a barrier to accessibility and preventing Plaintiff and other wheelchair users from independently accessing the Subject Premises. This is a violation of ADAAG §§206, 206.2.1, 206.4, 207, 402, 403.4, and 303.4. Providing a compliant ramp is readily achievable.

**iv. Insufficient Maneuvering Clearance at Entrance Door**
The entrance door does not provide the required maneuvering clearance and contains a non-compliant change in floor level within the required maneuvering area, preventing Plaintiff and other wheelchair users from safely approaching and operating the door. This is a violation of ADAAG §§206, 206.2.1, 206.4, 206.4.1, 207, 404.2.4, and 404.2.4.4. Providing compliant maneuvering clearances is readily achievable.

**Dining/Bar Areas**

**v. Inaccessible Bar**
The bar is inaccessible because the bar height exceeds the maximum allowable height and a required accessible portion of the bar is not provided, preventing Plaintiff and other wheelchair users from utilizing the bar. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, and 902.3. Providing a compliant accessible portion of the bar is readily achievable.

**vi. Inaccessible Dining Booth Tables**
The dining booth tables are inaccessible because the required minimum percentage of accessible dining booth tables is not provided, the required clear floor space for a forward approach is not provided, and the required knee and toe clearance is not provided, preventing Plaintiff and other wheelchair users from utilizing the dining booths. This is a violation of ADAAG §§226, 226.1, 902, 902.2, 305.3, 306.2, and 306.3. Providing compliant accessible dining booth tables is readily achievable.

**Restroom**

**vii. Non-Compliant Restroom Signage**
Compliant signage identifying the restroom is not provided, preventing disabled individuals from independently identifying and locating the restroom. This is a violation of ADAAG §§216, 216.2, 703.1, 703.4.1, and 703.4.2. Installing compliant restroom signage is readily achievable.

**viii. Non-Compliant Restroom Door Knob**
The restroom door knob requires twisting of the wrist to operate, preventing disabled individuals from independently accessing the restroom. This is a violation of ADAAG §§404.2.7 and 309.4. Replacing the door knob with compliant hardware is readily achievable.

**ix. Non-Compliant Restroom Door Lock**
The restroom door lock requires pinching of fingers to operate, preventing disabled individuals from independently accessing the restroom. This is a violation of ADAAG §§404.2.7 and 309.4. Replacing the door lock with compliant hardware is readily achievable.

**x. Inaccessible Lavatory**
The lavatory in the restroom is inaccessible because the required knee and toe clearance is

not provided and the lavatory exceeds the maximum allowable height, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair for use of the lavatory. This is a violation of ADAAG §§606.1, 606.2, 606.3, 306.2, and 306.3. Providing a compliant lavatory is readily achievable.

**xi. Inaccessible Mirror**
The mirror in the restroom is mounted above the maximum allowable height, preventing Plaintiff and other wheelchair users from utilizing the mirror. This is a violation of ADAAG §603.3. Lowering the mirror to a compliant height is readily achievable.

**xii. Inaccessible Water Closet**
The water closet in the restroom does not provide the required minimum clearances, preventing Plaintiff and other wheelchair users from safely using the fixture. This is a violation of ADAAG §§604.3 and 604.3.1. Providing compliant clearances is readily achievable.

**xiii. Non-Compliant Rear Grab Bar**
The rear grab bar serving the water closet does not meet the minimum size requirements, preventing disabled individuals from safely utilizing the water closet. This is a violation of ADAAG §604.5.2. Installing a compliant rear grab bar is readily achievable.

**xiv. Non-Compliant Side Grab Bar**
The side grab bar serving the water closet does not meet the minimum size requirements and is located farther from the rear wall than permitted, preventing disabled individuals from safely utilizing the water closet. This is a violation of ADAAG §604.5.1. Relocating and replacing the side grab bar is readily achievable.

**27.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**28.** In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered

harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

**29.** Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**30.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**31.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**32.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**33.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**34.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com